**LOEB & LOEB LLP**
Schuyler G. Carroll
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
Email: scarroll@loeb.com
      dbesikof@loeb.com
      nweingarten@loeb.com

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | )    Chapter 11 |
| | ) |
| | )    Case No. 19-45422 |
| | )    Case No. 19-45423 |
| In re: | )    Case No. 19-45424 |
| | )    Case No. 19-45425 |
| Absolut Facilities Management, LLC, *et al*. | )    Case No. 19-45426 |
| | )    Case No. 19-45427 |
| Debtors.[1] | )    Case No. 19-45428 |
| | )    Case No. 19-45429 |
| | ) |
| | )    (Joint Administration Requested) |
| | ) |

**DEBTORS' MOTION FOR ENTRY OF ORDER AUTHORIZING**
**DEBTORS TO (I) FILE A CONSOLIDATED LIST OF CREDITORS,**
**(II) FILE A CONSOLIDATED LIST OF THE THIRTY LARGEST UNSECURED**
**CREDITORS, (III) REDACT CERTAIN PERSONAL IDENTIFICATION**
**INFORMATION OF INDIVIDUAL CREDITORS AND CURRENT**
**AND FORMER EMPLOYEES; AND (IV) MAIL INITIAL NOTICES**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

Absolut Facilities Management, LLC and its affiliated debtor entities (collectively, the "**Debtors**"), as debtors-in-possession in the above-captioned chapter 11 cases, by and through proposed counsel, Loeb & Loeb LLP, respectfully submit this *Motion for Entry of Order Authorizing Debtors to (I) File a Consolidated List of Creditors, (II) File a Consolidated List of the Thirty Largest Unsecured Creditors, (III) Redact Certain Personal Identification Information of Individual Creditors and Current and Former Employees, and (IV) Mail Initial Notices* (the "**Motion**"), pursuant to sections 107 and 521 of title 11 of the United States Code ("**Bankruptcy Code**"), Rules 1007 & 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and E.D.N.Y. Local Bankruptcy Rule 1007-1.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Referral of Matters to the Bankruptcy Judges* of the United States District Court for the Eastern District of New York, entered on December 5, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory basis for the relief requested in the Motion are sections 107 and 521 of the Bankruptcy Code, Bankruptcy Rules 1007 and 2002, and E.D.N.Y. Local Bankruptcy Rule 1007.

## BACKGROUND

3.      On September 10, 2019 (the "**Petition Date**"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code commencing the above captioned cases (the "**Chapter 11 Cases**").  The Debtors continue to manage and operate their business as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.  Concurrently with the

filing of this Motion, the Debtors have requested procedural consolidation and joint administration of the Chapter 11 Cases.

4.      An official committee of unsecured creditors has yet to be appointed in these Chapter 11 Cases.  Further, no trustee or examiner has been requested or appointed in these Chapter 11 Cases.

5.      A detailed description of the Debtors and their business, the facts and circumstances leading up to the filing of the Debtors' Chapter 11 Cases, and the facts supporting this Motion are set forth in greater detail in the *Declaration of Michael Wyse in Support of Debtors' Chapter 11 Petitions and First-Day Motions* (the "**First Day Declaration**"), which is being filed concurrently herewith and is incorporated by reference in this Motion.

## RELIEF REQUESTED

6.      The Debtors request that the Court enter an Order, substantially in the form attached, authorizing, but not requiring the Debtors to (a) prepare a consolidated list of creditors; (b) file a consolidated list of the 30 largest unsecured creditors; (c) redact certain personal identification information of individual creditors and current and former employees; and (d) mail initial notices.

## BASIS FOR RELIEF REQUESTED

### I.      Consolidated Creditor Matrix

7.      Section 521(a)(1)(A) of the Bankruptcy Code requires each Debtor to, among other things, file a list of creditors.  11 U.S.C. § 521(a)(1).  Additionally, Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H . . . ."  E.D.N.Y. Local Bankruptcy Rule 1007-1(a) provides, in relevant part, that "in addition to the schedules, a list shall be filed

which sets forth the names of all creditors in alphabetical order," including "the post office address, zip code, and the specific amount of debt, if known, owed to each listed creditor."

8.      Additionally, E.D.N.Y. Local Bankruptcy Rule 1007-3(a)(i) requires each Debtor to file "a mailing matrix which shall include, in alphabetical order, the name and last known mailing address (including zip codes) for every scheduled creditor" with the petition for relief. Moreover, if the Debtor is a corporation, E.D.N.Y. Local Bankruptcy Rule 1007-3(a)(iii) requires each corporate Debtor's mailing matrix to include:

> (1) the names and current mailing addresses of the present officers and directors and the position held by each, or if none, the immediate past officers and past directors; and (2) the name and address of any person who may be served pursuant to Bankruptcy Rule 7004(b)(3).  In addition, the debtor shall file with its list of equity security holders a separate mailing matrix containing the name and last known address or place of business of each equity security holder.

9.      The Debtors estimate that the total number of their creditors and other parties-in-interest are many thousands.  Because the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome, the Debtors respectfully request authority to file one consolidated creditor matrix for all Debtors (the "**Consolidated Creditor Matrix**").

## II.      Consolidated Top 30 Creditors List

10.      Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders."  As courts have recognized, the list of top 20 creditors who have unsecured claims is used primarily by the Office of the United States Trustee to evaluate the types and amounts of unsecured claims against a debtor and to identify potential candidates to serve on a committee of unsecured creditors appointed under section 1102 of the Bankruptcy Code.  *See In re Dandy*

*Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986) (stating that the purpose of the top twenty list is to facilitate the appointment of an unsecured creditors committee); Collier on Bankruptcy ¶ 1007.04 (16th ed. 2019) (stating that "the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed").  Given the affiliated nature of the Debtors, the Debtors believe that filing a consolidated list of the Debtors top 30 creditors ("**Consolidated Top 30 Creditors List**") would facilitate the U.S. Trustee's review of creditors' claims and appointment of a single unsecured creditors committee in these Chapter 11 Cases.

11.      Moreover, this Court's *Guidelines for First Day Motions* (the **"Guidelines"**) provide that "[i]n cases involving multiple Debtors, if it would be impracticable for each Debtor to file a separate list, an explanation should be set forth in the Bankruptcy Rule 1007 affidavit and a consolidated list of the holders of the thirty (30) largest unsecured claims should be filed." Here, as set forth in the First Day Declaration, it would be impracticable and burdensome for each of the numerous Debtors to file creditor lists.  It would also make it more difficult for the U.S. Trustee to identify the Debtors' largest creditors on a consolidated basis.  Accordingly, the Debtors are in compliance with the Guidelines.  Guidelines at ¶ 8.

12.      As set forth in the First Day Declaration, a significant number of creditors may be shared amongst the Debtors.  Thus, the Consolidated Top 30 Creditors List will help alleviate administrative burden, costs, and the possibility of duplicative service.  To clarify, the Debtors are **not** requesting authority in this motion to (a) file consolidated schedules of assets and liabilities and statements of financial affairs; or (b) substantively consolidate the Debtors.

13.      The entry of an order authorizing the filing of a consolidated list of the Debtors' creditors and list of top unsecured creditors in chapter 11 cases is generally non-controversial in

this District and in other jurisdictions.  *See, e.g.*, *In re Décor Holdings, Inc.*, Case No. 19-71020 (REG) (Bankr. E.D.N.Y. Feb. 27, 2019) (Dkt. No. 82); *In re Caritas Health Care, Inc.*, Case No. 09-40901 (CEC) (Bankr. E.D.N.Y. Feb. 10, 2009) (Dkt. No. 25) (authorizing filing a consolidated list of creditors in lieu of separate mailing matrixes); *In re Avaya, Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Feb. 10, 2017) (Dkt. No. 140) (authorizing debtors to file a consolidated list of top 50 creditors and a consolidated list of creditors in lieu of any mailing matrix); *In re Cenveo, Inc.*, Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. Feb. 6, 2018) (Dkt. No. 47) (same); *In re Tidewater Inc.*, Case No. 17-11132 (BLS) (Bankr. D. Del. May 19, 2017) (Dkt. No. 99) (same); *In re CST Indus. Holding Inc.*, Case No. 17-11292 (BLS) (Bankr. D. Del. Jun. 13, 2017 (Dkt. No. 47) (same).  For these reasons, the Debtors request authorization to file a Consolidated Top 30 Creditors List.

## III.      Redaction of Certain Confidential Information for Individual Creditors, Former Employees, and Current Employees

14.     Section 107(c)(1)(A) of the Bankruptcy Code provides that the Court "for cause, may protect an individual" with respect to the following types of information "to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code]."  Here, cause exists to authorize the Debtors to redact the addresses of the Debtors' individual creditors, as well as current and former employees, from the Consolidated Creditor Matrix because such information could be used to perpetrate identity theft.  The Debtors will provide an unredacted copy of the Consolidated Creditor Matrix to the Court, the Office of the United States Trustee for the Eastern District of New York, and counsel to the official committee of unsecured creditors, should one be appointed in these Chapter 11 Cases, upon request.

## IV.        Service of Notice of Commencement

15.        Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b) of the Code."   Rule 2002(f) further provides that notice of the order for relief shall be sent by mail to all creditors.

16.        Through the Debtors' proposed noticing and claims agent, Prime Clerk LLC, the Debtors propose to serve the *Notice of Commencement* substantially in the form annexed hereto as Exhibit 1 on all parties entitled to such notice and, at the same time, to advise them of the Section 341 Meeting.   Service of a single *Notice of Commencement* will not only avoid confusion among creditors, but it will also prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Consolidated Creditor Matrix if required to service an individual *Notice of Commencement* for each Debtor.   Accordingly, the Debtors submit that service of a single *Notice of Commencement* is warranted.

## NOTICE

17.        Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) any party whose interests are directly affected by this specific pleading; (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (v) counsel for the proposed DIP Lender; (vi) the consolidated 30 largest unsecured creditors of the Debtors; and (vii) all governmental agencies having a regulatory or statutory interest in these cases.   No other or further notice need be provided.

## NO PREVIOUS REQUEST

18.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the attached proposed order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.


Dated:    September 10, 2019                    LOEB & LOEB LLP
          New York, New York
                                               */s/ Schuyler G. Carroll*

                                               Schuyler G. Carroll
                                               Daniel B. Besikof
                                               Noah Weingarten
                                               345 Park Avenue
                                               New York, NY 10154
                                               Tel: (212) 407-4000
                                               Fax: (212) 407-4990
                                               scarroll@loeb.com
                                               dbesikof@loeb.com
                                               nweingarten@loeb.com

                                               *Proposed Counsel to the Debtors*
                                               *and Debtors-in-Possession*

**EXHIBIT 1**

18059601

Information to identify the case:

Debtor:  Absolut Facilities Management, LLC, *et al.*

EIN:  20-8471412

United States Bankruptcy Court for the Eastern District of New York

Chapter 11 Petition Date:  September 10, 2019

Case Numbers: 19-45422, 19-45423, 19-45424, 19-45425, 19-45426, 19-45427, 19-45428, 19-45429

Official Form 309F (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case            12/17

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov). All filings will also be made available to the general public on a public web site maintained by Prime Clerk LLC, located at http://cases.primeclerk.com/absolutcare.

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

    **1.  Debtor's full name:**  See Chart Below

| Debtor | Mailing Address | Case No. | EIN |
|---|---|---|---|
| Absolut Facilities Management, LLC | 255 Warner Avenue Roslyn Heights, NY 11577 | 19-45422 | 20-8471412 |
| Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC | 292 Main Street East Aurora, NY 14052 | 19-45424 | 20-8468266 |
| Absolut Center for Nursing and Rehabilitation at Allegany, LLC | 2178 North 5th Street Allegany, NY 14706 | 19-45423 | 20-8467875 |
| Absolut Center for Nursing and Rehabilitation at Gasport, LLC | 4540 Lincoln Drive Gasport, NY 14067 | 19-45425 | 20-8468080 |
| Absolut at Orchard Brooke, LLC | 6060 Armor Duells Rd Orchard Park, NY 14127 | 19-45426 | 20-8471641 |
| Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC | 6060 Armor Duells Road Orchard Park, NY 14127 | 19-45427 | 20-8468300 |
| Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC | 101 Creekside Drive Painted Post, NY 14870 | 19-45428 | 20-8468133 |
| Absolute Center for Nursing and Rehabilitation at Westfield, LLC | 26 Cass Street Westfield, NY 14787 | 19-45429 | 20-8467924 |

    **2.  All other names used in the last 8 years:**  See Rider 1

18059601

Official Form 309F (For Corporations or Partnerships)    Notice of Chapter 11 Bankruptcy Case            **For more information, see page 2 ▶**

page 1

**3. Address:**  See Chart Above

**4. Debtors' Attorneys:**            Loeb & Loeb LLP
                                      Schuyler G. Carroll
                                      Daniel B. Besikof
                                      Noah Weingarten
                                      345 Park Avenue
                                      New York, NY  10154
                                      Tel:  212-407-4000
                                      Facsimile:  212-407-4990
                                      E-mail:   scarroll@loeb.com
                                                dbesikof@loeb.com
                                                nweingarten@loeb.com

**5. Bankruptcy Clerk's Office**

Documents in this case may be filed at this address:

U.S. Bankruptcy Court, Eastern District of N.Y.
Alfonse M. D'Amato U.S. Courthouse
290 Federal Plaza
Central Islip, NY 11722

Hours Open:  9:00 a.m. to 4:30 p.m.
Contact Phone:  (631) 712-6200

You may inspect all records in this case at this office or online at www.pacer.gov and
http://cases.primeclerk.com/absolutcare.

| **6. Meeting of Creditors** | **Time and Date:  To Be Determined** | **Location:  To Be Determined** |
|---|---|---|
| The Debtors' representative must attend the meeting to be questioned under oath.<br><br>Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date.  If so, the date will be on the court docket. | |

| **7. Proof of Claim Deadline** | **Deadline for filing proof of claim:  Not yet set.  If a deadline is set, the court will send you another notice.** |
|---|---|
| | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. |
| | Your claim will be allowed in the amount scheduled unless: |
| | ▪   your claim is designated as disputed, contingent, or unliquidated; |
| | ▪   you file a proof of claim in a different amount; or |
| | ▪   you receive another notice. |
| | If your claim is not scheduled or if your claim is designated as disputed, contingent, or unliquidated, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled. |
| | You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov and http://cases.primeclerk.com/absolutcare. |
| | Secured creditors retain rights in their collateral regardless of whether |

they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

| | |
|---|---|
| **8.  Exception to Discharge Deadlines** | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br><br>**Deadline for filing the complaint:  N/A** |
| **9.  Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States Bankruptcy law if you have any questions about your rights. |
| **10.  Filing a Chapter 11 bankruptcy case.** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| **11.  Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |

**Rider 1**

**Other Names Used in Last 8 Years**

| Debtor | Other Name |
|---|---|
| Absolut Facilities Management, LLC | Absolut Care LLC |
| Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC | Absolut Care of Aurora Park |
| Absolut Center for Nursing and Rehabilitation at Allegany, LLC | Absolut Care of Allegany |
| Absolut Center for Nursing and Rehabilitation at Gasport, LLC | Absolut Care of Gasport |
| Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC | Absolut Care of Orchard Park |
| Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC | Absolut Care of Three Rivers |
| Absolute Center for Nursing and Rehabilitation at Westfield, LLC | Absolut Care of Westfield |

**<u>Proposed Order</u>**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ) | Chapter 11 |
| ) | |
| ) | Case No. 19-45422 |
| ) | Case No. 19-45423 |
| In re: ) | Case No. 19-45424 |
| ) | Case No. 19-45425 |
| Absolut Facilities Management, LLC, *et al.* ) | Case No. 19-45426 |
| ) | Case No. 19-45427 |
| Debtors.[1] ) | Case No. 19-45428 |
| ) | Case No. 19-45429 |
| ) | |
| ) | (Jointly Administered) |
| ) | |

**ORDER AUTHORIZING THE DEBTORS TO (I) FILE A CONSOLIDATED LIST OF
CREDITORS, (II) FILE A CONSOLIDATED LIST OF THE THIRTY LARGEST
UNSECURED CREDITORS, (III) REDACT CERTAIN PERSONAL IDENTIFICATION
INFORMATION OF INDIVIDUAL CREDITORS AND CURRENT AND FORMER
EMPLOYEES; AND (IV) MAIL INITIAL NOTICES**

On September ___, 2019, the Court conducted a hearing to consider the *Debtors' Motion*

*for Entry of An Order Authorizing the Debtors to (I) File a Consolidated List of Creditors, (II)*

*File a Consolidated List of the Thirty Largest Unsecured Creditors, (III) Redact Certain Personal*

*Identification Information of Individual Creditors and Current and Former Employees; and (IV)*

*Mail Initial Notices* (the "**Consolidated Creditors' List Motion**"),[2] filed by the above-captioned

debtors (the "**Debtors**").  The Court finds that: (i) it has jurisdiction over the matters raised in the

Consolidated Creditors' List Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

[2]  Capitalized terms not defined herein are given the meaning ascribed to them in the Motion.

18072216

proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) venue is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Consolidated Creditors' List Motion is in

the best interests of the Debtors, their estates, and their creditors; (v) proper and adequate notice

of the Consolidated Creditors' List Motion has been given and no other or further notice is

necessary; and (vi) upon the record herein after due deliberation thereon, good and sufficient cause

exists for the granting of the relief as set forth herein.

Therefore, **IT IS HEREBY ORDERED THAT**:

1.      The Consolidated Creditors' List Motion is **GRANTED**.

2.      The Debtors are authorized to file a Consolidated Creditor Matrix.

3.      The Debtors shall cause the Consolidated Creditor Matrix to be made available in

readable electronic format (or in non-electronic format at such requesting party's sole cost and

expense) upon reasonable request by parties in interest.

4.      The Debtors are authorized to file a Consolidated Top 30 Creditors List, provided

that if any of these Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code,

the applicable Debtor shall file its own creditor mailing matrix.

5.      The Debtors are authorized to redact personal information of individual creditors

and current and former employees listed on the Consolidated Creditor Matrix; provided that the

Debtors shall provide an un-redacted version of the Consolidated Creditor Matrix to the Court, the

U.S. Trustee, any official committee of unsecured creditors appointed in these chapter 11 cases,

and any other parties in interest upon reasonable request; provided, further, that the Debtors'

noticing and claims agent shall serve the Debtors' employee at their actual addresses, as needed.

6.      The Notice of Commencement substantially in the form attached as <u>Exhibit 1</u> to the

Consolidated Creditors' List Motion is deemed effective, adequate, and sufficient notice of the

meeting of creditors under § 341 of the Code and of the other contents thereof.

7.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8.    This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.