**LOEB & LOEB LLP**
Schuyler G. Carroll
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
Email: scarroll@loeb.com
        dbesikof@loeb.com
        nweingarten@loeb.com

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
|  | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 19-45422 |
|  | ) | Case No. 19-45423 |
| In re: | ) | Case No. 19-45424 |
|  | ) | Case No. 19-45425 |
| Absolut Facilities Management, LLC, *et al.* | ) | Case No. 19-45426 |
|  | ) | Case No. 19-45427 |
| Debtors.[1] | ) | Case No. 19-45428 |
|  | ) | Case No. 19-45429 |
|  | ) |  |
|  | ) | (Joint Administration Requested) |
|  | ) |  |

**DEBTORS' APPLICATION FOR ORDER: (A) ESTABLISHING DEADLINES**
**FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS**
**FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE;**
**AND (B) APPROVING FORM AND MANNER OF NOTICE OF DEADLINES**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

Absolut Facilities Management, LLC and its affiliated debtor entities (collectively, the "**Debtors**"), as debtors-in-possession in the above-referenced chapter 11 cases, by and through proposed counsel, Loeb & Loeb LLP, respectfully submit this application (this "**Application**") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 501, 502, 503 and 1111 of title 11 of the United States Code ("**Bankruptcy Code**"), Rules 2002(a)(7), (f) and (l), 3001, 3002 and 3003(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the "Adoption of Bar Date Order Guidelines" dated March 29, 2010 issued by Chief Bankruptcy Judge Carla E. Craig (the "**Bar Date Guidelines**"), (i) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code (collectively, the "**Bar Dates**"), and (ii) approving the form and manner of the notice of bar date (the "**Bar Date Notice**").  In support of this Application, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Referral of Matters to the Bankruptcy Judges* of the United States District Court for the Eastern District of New York, entered on December 5, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory basis for the relief requested in the Application are Sections 501-503 of the Bankruptcy Code and Bankruptcy Rules 3001-3003.

## BACKGROUND

3.      On September 10, 2019 (the "**Petition Date**"), the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").  The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors are affiliated entities,

and concurrently with the filing of this Application, the Debtors have requested joint administration of the Chapter 11 Cases.  No request for the appointment of a trustee or examiner has been made in these Cases, nor has an official committee of unsecured creditors been established.

4.        A detailed description of the Debtors and their business, the facts and circumstances leading up to the filing of the Debtors' Chapter 11 Cases, and the facts supporting this Motion are set forth in greater detail in the *Declaration of Michael Wyse in Support of Debtors' Chapter 11 Petitions and First-Day Motions* (the "**First Day Declaration**"), which is being filed concurrently herewith and is incorporated by reference in this Motion.

**RELIEF REQUESTED**

**A.        Bar Dates**

5.        **General Bar Date.**  The Debtors request that the Court establish November 15, 2019 at 5:00 p.m., prevailing Eastern Time (the "**General Bar Date**") as the deadline for asserting claims against the Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code.

6.        The General Bar Date would be the date and time by which all entities must file proofs of claim, including requests for payment under Section 503(b)(9), so that such proofs of claim are actually received in accordance with the procedures set forth below, unless such entity's claim falls within one of the exceptions set forth in this Application.  Subject to these exceptions, the General Bar Date would apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims and unsecured non-priority claims.

7.        **Rejection Damages Bar Date.**  For claims arising from the rejection of executory contracts or unexpired leases pursuant to Bankruptcy Code section 365, the Debtors request that

the Court establish the last day to file a proof of claim as the later of: (i) the General Bar Date; or (ii) 30 days after the date of entry of the order authorizing the rejection. This request differs from the Bar Date Guidelines in that the deadline for filing a proof of claim relating to the rejection of an executory contract or unexpired lease will be presumptively set at 30 days after the date of entry of the order authorizing the rejection.

8. **Avoidance Bar Date.** For claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code, the Debtors request that the Court establish the last day to file a proof of claim as the later of: (i) 30 days after the entry of judgment avoiding the transfer, or (ii) the General Bar Date, whichever is later. This request differs from the Bar Date Guidelines as no such deadline is provided for in the Bar Date Guidelines.

9. **Governmental Unit Bar Date.** For claims that arose before the Petition Date and that are asserted by governmental units (as that term is defined under Bankruptcy Code section 101(27)), the Debtors request that the Court establish the last day to file a proof of claim as 5:00 p.m. (Eastern Time) on the date that is 180 days after the date of the order for relief in this case.

10. **Schedules Amendment Bar Date.** To the extent the Debtors have filed their Schedules of Assets and Liabilities (the "**Schedules**") on or before the General Bar Date and a Schedule amendment reduces the liquidated amount of a scheduled claim or reclassifies a claim that was scheduled as an undisputed, liquidated, and non-contingent claim as disputed, unliquidated, and/or contingent, then – solely with respect to that claim – the Debtors request that the Court order that the affected claimant may timely file a proof of claim on or before the later

of: (i) the General Bar Date; or (ii) the first business day that is 30 calendar days after the mailing

of the notice of the Schedule amendment.

11.    **Exemptions from Proof of Claim Filing.**  The Debtors request that the Court

exempt the following entities from any requirement to file a proof of claim prior to the applicable

Bar Date:

> a.    any person or entity that already has filed a proof of claim against a Debtor with the Clerk of the Court or with the Court in a form substantially similar to Official Form 410;

> b.    any entity whose claim has been previously allowed by final order of the Court;

> c.    any Debtor having a claim against another Debtor;

> d.    a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; provided that a current employee must submit a Proof of Claim by the General Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation; and

> e.    any entity holding an equity interest in a Debtor.

12.    A separate deadline for filing administrative claims, other than administrative

expense claims arising under Section 503(b)(9) of the Bankruptcy Code, and final applications for

professional compensation will be established in connection with confirmation of a Chapter 11

plan in this case.  Accordingly, the Bar Dates exclude administrative expense claims arising under

28 U.S.C. § 156(c) and 11 U.S.C. §§ 330(a), 331, and 503, other than administrative expense

claims arising under Section 503(b)(9), which must be asserted on or before the General Bar Date

in accordance with the procedures set forth herein.

**B.    Notice**

13.    The Debtors have not yet filed their Schedules, but upon information and belief,

the list of known and potential creditors and interest holders contained in the Debtors' Mailing

Matrix includes the names and addresses of all known creditors and potential creditors and interest holders.

14.    The Debtors intend to serve a copy of the bar date notice Bar Date Notice, a copy of which is annexed hereto as **Exhibit B**, along with a copy of the customized claim form attached hereto as **Exhibit C**, by first class mail, postage prepaid and, where available, e-mail service, on or within seven days following the entry of an order approving this Application, on the following parties: (a) the United States trustee; (b) counsel to each official committee; (c) all persons or entities that have requested notice of the proceedings in this case; (d) all persons or entities that have filed claims in this case; (e) all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims; (f) all parties to executory contracts and unexpired leases of the Debtors; (g) all parties to litigation with the Debtors; (h) all parties listed on the Debtors' master mailing matrix; and (i) the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (the "**Notice Parties**").  Notwithstanding the foregoing, however, the Debtors do not intend to serve the Bar Date Notice on the Debtors' Patients.  Rather, the Debtors intend to provide notice to their Patients of the Bar Date through publication, as more fully described in the Debtors' *Emergency Motion (I) For Authority to File Under Seal Separate Schedule F and Matrix and Documents Containing Patient Information, (II) To Authorize Certain Procedures to Maintain the Confidentiality of Patient Information, (III) To Modify Notice to Patients, and (IV) For Relief from Required Form of Mailing Matrix with Regard to Separate Matrix* (the "**Patient Procedures Motion**")[2] filed contemporaneously herewith.  The publication notice contemplated in the Patient Procedures

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Patient Procedures Motion.

Motion will ensure that all potential claimants, including the Patients, receive adequate notice of the Bar Date.

15.    The proposed form and manner of service of the Bar Date Notice will provide all known or potential creditors or interest holders and other parties in interest with more than 35 days' notice of the Bar Dates in this case as required by the Bar Date Guidelines as well as good and sufficient notice of the procedures to be followed to properly file a proof of claim.

**C.    Proposed Proof of Claim Procedures**

16.    The Debtors request that this Court require that each proof of claim be required to be consistent with the following:

> **a.    Contents:**  Each proof of claim must substantially comply with the form annexed hereto as **<u>Exhibit C</u>** or with Official Bankruptcy Form 410 and must (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or ink.

> **b.    Section 503(b)(9) Claim.**  Any proof of claim asserting a claim entitled to priority under Section 503(b)(9) of the Bankruptcy Code must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under Section 546(c) of the Bankruptcy Code (if applicable).

> **c.    Electronic Signatures Permitted.**  Proofs of claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of proofs of claim, or proofs of claim sent by facsimile or electronic mail will not be accepted.

> **d.    Identification of the Debtor Entity.**  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Absolute Facilities Management, LLC.

> **e.    Claim Against Multiple Debtor Entities.** Each proof of claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim,

such claim may be treated as if filed only against Absolute Facilities Management, LLC.

f.     **Supporting Documentation.** Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available.

g.     **Timely Service.** Each Proof of Claim must be filed, including supporting documentation, (1) by electronic submission through the claim submission portal maintained by Prime Clerk, the Debtors' claims and noticing agent (http://cases.primeclerk.com/absolutcare) (2) if submitted through non-electronic means by U.S. Mail or other hand delivery system, so as to be actually received on or before the applicable Bar Date at the following address: Absolut Facilities Management, LLC Claims Processing Center, c/o Prime Clerk LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, or (3) by hand delivery to the United States Bankruptcy Court, Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, NY 11722. **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.     **Receipt of Service.** Claimants submitting a proof of claim through non-electronic means wishing to receive acknowledgment that their proofs of claim were received must submit a copy of the proof of claim form (in addition to the original proof of claim form sent for fling) and a self-addressed, stamped envelope.

17.     The Debtors request that any entity who is required, but fails, to file a proof of claim on or before the applicable Bar Date be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) and that the Debtors and their property be forever discharged from any and all indebtedness or liability with respect to or arising from such claim. Without limiting the foregoing sentence, the Debtors request that any creditor asserting a claim entitled to priority pursuant to Section 503(b)(9) of the Bankruptcy Code that fails to file a proof of claim asserting such priority claim on or before the applicable Bar Date not be entitled to any priority treatment on account of such claim pursuant to Section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on the Schedules as not contingent, not disputed, and not liquidated.  Finally, the Debtors request that any entity who is

required, but fails, to file a proof of claim on or before the appropriate Bar Date be prohibited from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

18.     By implementing the procedures set forth herein, the Debtors will be in a position to evaluate the claims asserted against their estates with reasonable certainty following the passage of the Bar Dates.

## BASIS FOR RELIEF REQUESTED

### A.     Proposed Bar Dates

19.     There are good and sufficient grounds to grant this Application pursuant to Bankruptcy Rule 3003(c)(3).  Setting claim bar dates is necessary for the Debtors to accurately determine the total amount, number, and types of claims that are asserted against their estates so that they can formulate, obtain confirmation of and effectuate a Chapter 11 plan.  Setting the requested Bar Dates will also facilitate the rapid and efficient administration of these Chapter 11 Cases.  Moreover, because the Debtors intend to provide publication notice to their Patients and other stakeholders of the General Bar Date and the commencement of the Chapter 11 Cases pursuant to the Patient Procedures Motion, the Debtors require that the Bar Dates be set at the outset of these cases so that only a single notice need be published.

20.     The Debtors propose to serve notice of the Bar Dates within seven days of the entry of the order granting this Application, providing creditors with far more than the 21 days' notice of the bar date required under Bankruptcy Rule 2002(a)(7) and the 35 days' notice of the bar date required by the Bar Date Guidelines.  The proposed Bar Dates and Bar Date Notice will not prejudice any creditor and will greatly assist the Debtors in preparing its Chapter 11 plan and concluding this case as promptly as possible.

21.     Bankruptcy Rule 3003(c)(3) provides that, in a chapter 11 case, the Court "shall fix . . . the time within which proofs of claim or interest may be filed" and Bankruptcy Rule 3002(a) provides that an unsecured creditor or an equity security holder must file a proof of claim, except as provided in Bankruptcy Rule 3003.  Bankruptcy Rule 2002(a)(7) requires that creditors are afforded at least 21 days' notice of any bar date.

22.     As described above, establishment of the Bar Dates is necessary for the Debtors and other parties in interest to determine the total amount, number, and types of claims that are asserted against the Debtors' estates.  Setting the Bar Dates, including the deadline for filing claims arising under Section 503(b)(9) of the Bankruptcy Code, will facilitate the administration of the Debtors' estates as efficiently and promptly as possible.

**B.      The Proposed Notice Procedures Are Fair and Reasonable**

23.     In conjunction with the setting of the bar dates, the Debtors must ensure that interested parties receive appropriate notice of such dates.  Creditors are entitled to notice that is reasonably calculated to give them sufficient notice of the bar dates to offer them a reasonable opportunity to file their proofs of claim and requests for payment.

24.     The Debtors submit that the proposed procedures for disseminating notice of the Bar Dates to the Notice Parties, as set forth herein, as complemented by the relief sought in the Patient Procedures Motion, more than satisfies the notice requirements under the Bankruptcy Code and relevant rules.  While Bankruptcy Rule 2002(a)(7) permits as little as 21 days' notice of the time fixed for filing proofs of claim, the Notice Parties will receive approximately 60 days' notice under the procedures proposed by the Debtors.  This additional notice strikes the fair balance between providing creditors with ample opportunity to file proofs of claim, on the one hand, and expediting the administration of this bankruptcy case, on the other hand.

## NOTICE

25.     Pursuant to the Bar Date Guidelines, the Debtors submit that  the Proposed Bar Date Order conforms substantially to the standard order provided therein.  Accordingly, the Debtors submit that this Application may be submitted without notice and that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, for all the reasons set forth in Application, the Debtors respectfully request that the Court enter an order:  (a) establishing the Bar Dates proposed herein; (b) approving the form and manner of service of the notice of these Bar Dates on the Notice Parties, as proposed herein; and (c) granting to the Debtors such other and further relief as is necessary and appropriate.

Dated:    September 10, 2019
          New York, New York

                                        LOEB & LOEB LLP

                                        */s/ Schuyler G. Carroll*

                                        Schuyler G. Carroll
                                        Daniel B. Besikof
                                        Noah Weingarten
                                        345 Park Avenue
                                        New York, NY 10154
                                        Tel: (212) 407-4000
                                        Fax: (212) 407-4990
                                        scarroll@loeb.com
                                        dbesikof@loeb.com
                                        nweingarten@loeb.com

                                        *Proposed Counsel to the Debtors*
                                        *and Debtors-in-Possession*

**Exhibit A**

**(Proposed Bar Date Order)**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 19-45422 |
| | ) | Case No. 19-45423 |
| In re: | ) | Case No. 19-45424 |
| | ) | Case No. 19-45425 |
| Absolut Facilities Management, LLC, *et al.* | ) | Case No. 19-45426 |
| | ) | Case No. 19-45427 |
| Debtors.[1] | ) | Case No. 19-45428 |
| | ) | Case No. 19-45429 |
| | ) | |
| | ) | (Joint Administration Requested) |
| | ) | |

**ORDER (A) ESTABLISHING DEADLINE FOR FILING
PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE,
AND (B) APPROVING FORM AND MANNER OF NOTICE OF BAR DATE**

Upon the application (the "**Application**")[2] of Absolut Facilities Management, LLC and

its affiliated debtor entities (collectively, the "**Debtors**"), as debtors-in-possession in the above-

referenced chapter 11 cases, for entry of an order, pursuant to Sections 501, 502, 503 and 1111

of title 11 of the United States Code ("**Bankruptcy Code**"), Rules 2002(a)(7), (f) and (l), 3001,

3002 and 3003(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and

the "Adoption of Bar Date Order Guidelines" dated March 29, 2010 issued by Chief Bankruptcy

Judge Carla E. Craig (the "**Bar Date Guidelines**"), (i) establishing deadlines for filing proofs of

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

[2]  Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Application.

claim, including requests for payment under Section 503(b)(9) of the Bankruptcy Code (collectively, the "**Bar Dates**"), and (ii) approving the form and manner of the notice of bar date (the "**Bar Date Notice**"), and it appearing that the relief requested is in the best interests of the Debtors, their estates, and creditors and that adequate notice has been given and that no further notice necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

> **ORDERED**, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert an unsecured or secured, priority or nonpriority claim (as the term "claim" is defined in section 101(5) of the Bankruptcy Code) against the Debtors which arose prior to the September 10, 2019 (the "**Petition Date**") including, without limitation, those claims arising under Section 503(b)(9) of the Bankruptcy Code, shall file a proof of such claim so that it is received on or before November 15, 2019 at 5:00 p.m. prevailing Eastern Time (the "**General Bar Date**"); and it is further

> **ORDERED**, that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before March 7, 2019 (the date that is 180 days after the date of the order for relief) (the "**Governmental Bar Date**"); and it is further

> **ORDERED**, that the Proof of Claim Form, annexed to the Application as **Exhibit C** is hereby approved; and it is further

> **ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

a)   **Contents:**  Each proof of claim must substantially comply with the form annexed to the Application as **Exhibit C** or with Official Bankruptcy Form 410 and must (i) be written in the English language; (ii) be denominated in lawful currency of the

United States as of the Petition Date; (iii) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or ink;

b)      **Section 503(b)(9) Claim.**  Any proof of claim asserting a claim entitled to priority under Section 503(b)(9) of the Bankruptcy Code must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under Section 546(c) of the Bankruptcy Code (if applicable);

c)      **Electronic Signatures Permitted.**  Proofs of claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of proofs of claim, or proofs of claim sent by facsimile or electronic mail will not be accepted;

d)      **Identification of the Debtor Entity.**  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Absolute Facilities Management, LLC;

e)      **Claim Against Multiple Debtor Entities.** Each proof of claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against Absolute Facilities Management, LLC.

f)      **Supporting Documentation.** Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available;

g)      **Timely Service.** Each Proof of Claim must be filed, including supporting documentation, (1) by electronic submission through the claim submission portal maintained by Prime Clerk, the Debtors' claims and noticing agent (http://cases.primeclerk.com/absolutcare), (2) if submitted through non-electronic means by U.S. Mail or other hand delivery system, so as to be actually received on or before the applicable Bar Date at the following address: Absolut Facilities Management, LLC Claims Processing Center, c/o Prime Clerk LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, or (3) by hand delivery to the United States Bankruptcy Court, Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, NY 11722. **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED**; and

h)      **Receipt of Service.** Claimants submitting a proof of claim through non-electronic means wishing to receive acknowledgment that their proofs of claim were received must submit a copy of the proof of claim form (in addition to the original proof of claim form sent for fling) and a self-addressed, stamped envelope; and it is further

**ORDERED**, that the following entities need not file a proof of claim or on prior to the General Bar Date:

a)      any person or entity that already has filed a proof of claim against a Debtor with the Clerk of the Court or with the Court in a form substantially similar to Official Form 410;

b)      any entity whose claim has been previously allowed by final order of the Court;

c)      any Debtor having a claim against another Debtor;

d)      a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; provided that a current employee must submit a Proof of Claim by the General Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation; and

e)      any entity holding an equity interest in a Debtor; and it is further

**ORDERED,** that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the later of the General Bar Date or the date that is 30 days after the date of the order authorizing such rejection, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim within 30 days after the date of the order authorizing such rejection and shall be given notice of that deadline; and it is further

**ORDERED**, that for claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code, the last day to file a proof of claim shall be the later of:  (i) 30 days after the

entry of judgment avoiding the transfer, or (ii) the General Bar Date, whichever is later and shall be given notice of such deadline; and it is further

**ORDERED**, to the extent the Debtors have filed their Schedules of Assets and Liabilities (the "**Schedules**") on or before the General Bar Date and a Schedule amendment reduces the liquidated amount of a scheduled claim or reclassifies a claim that was scheduled as an undisputed, liquidated, and non-contingent claim as disputed, unliquidated, and/or contingent, then – solely with respect to that claim –the affected claimant may timely file a proof of claim on or before the later of: (i) the General Bar Date; or (ii) the first business day that is 30 calendar days after the mailing of the notice of the Schedule amendment and shall be given notice of that deadline; and it is further; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim listed in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), a holder of a claim that fails to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to that claim for purposes of voting and distribution; and it is further

**ORDERED**, that Notice of Bar Date in the form annexed to the Application as **<u>Exhibit B</u>** is hereby approved and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the General Bar Date on: (a) the United States trustee; (b) counsel to each official committee; (c) all persons or entities that have requested notice of the proceedings in this case; (d) all persons or entities that have filed claims in this case; (e) all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims; (f) all parties to executory contracts and unexpired leases of the Debtors; (g) all

parties to litigation with the Debtors; (h) all parties listed on the Debtors' master mailing matrix; and (i) the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units; and it is further

ORDERED, that pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish notice of the General Bar Date in substantially the form annexed to the Patient Procedures Motion as **Exhibit A** in the Buffalo News and the Orchard Park Sun at least 28 days prior to the General Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the General Bar Date as further set forth in the order granting the Patient Procedures Motion; and it is further

ORDERED, that the Debtors' claims and notice agent, Prime Clerk LLC, is authorized to suppress any of the name, address or proof of claim form (including supporting documentation) for any proof of claim filed by, on behalf of or with respect to any Patient. Prime Clerk is authorized to list the amount and priority of any such Patient claim on the publicly available claims register with a pseudonym and shall provide the official claims register in unredacted form to (a) the Court, the United States Trustee and the advisors to any official committee upon request; and (b) any other party in interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtors to do so; and it is further

ORDERED, that the Debtors are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

**<u>Exhibit B</u>**

**(Bar Date Notice)**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X

In re:                                                    Chapter 11

Absolut Facilities Management, LLC, *et al.*              Case No. 19-45422
                                                          Case No. 19-45423
Debtor.[1]                                                Case No. 19-45424
                                                          Case No. 19-45425
                                                          Case No. 19-45426
                                                          Case No. 19-45427
                                                          Case No. 19-45428
                                                          Case No. 19-45429

                                                          (Jointly Administered)

-------------------------------------------------------- X

### NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE, ON OR BEFORE NOVEMBER 15, 2019 (GENERAL BAR DATE) AND MARCH 7, 2020 (GOVERNMENTAL BAR DATE

**TO ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| Debtor | Case No. |
|---|---|
| Absolut Facilities Management, LLC | 19-45422 |
| Absolut Center for Nursing and Rehabilitation at Allegany, LLC | 19-45423 |
| Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC | 19-45424 |
| Absolut Center for Nursing and Rehabilitation at Gasport, LLC | 19-45425 |
| Absolut at Orchard Brooke, LLC | 19-45426 |
| Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC | 19-45427 |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut Center for Nursing and Rehabilitation at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

18072446

| Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC | 19-45428 |
|---|---|
| Absolut Center for Nursing and Rehabilitation at Westfield, LLC | 19-45429 |

     The United States Bankruptcy Court for the Eastern District of New York has entered an Order establishing (i) **November 15, 2019 at 5:00 p.m. (prevailing Eastern Time)** (the "**General Bar Date**") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim based on prepetition date claims against that above-listed Debtors, and (ii) March 7, 2019 at 5:00 p.m. (prevailing Eastern Time) (the "**Governmental Bar Date**" and together with the General Bar Date, the "**Bar Dates**") as the last date and time for each Governmental Unit (as defined in Section 101(27) of title 11 of the United States Code (the "**Bankruptcy Code**")) to file a proof of claim based on prepetition date claims against that above-listed Debtors.

     The Bar Dates and the procedures set forth below for filing proofs of claims apply to all claims against the Debtors that arose prior to September 10, 2019 (the "**Petition Date**"), the date on which the Debtors commenced cases under chapter 11 of Bankruptcy Code, except for those holders of the claims listed in Section 4 below that are specifically excluded from the General Bar Date filing requirement.

## 1.     WHO MUST FILE  A PROOF OF CLAIM

     You MUST file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estate if you have a claim that arose prior to the Petition Date, and it is not one of the types of claim described in Section 4 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date, including, without limitation, those that may be entitled to administrative claim status pursuant to 503(b)(9), must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

     Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2.     WHAT TO FILE

     Your filed Proof of Claim must be in the form annexed to this Notice or otherwise conform substantially to Official Form 410, which can be viewed at http://www.uscourts.gov/forms/bankruptcy-forms. Additional Proof of Claim Forms can be obtained at the Debtors' Claims Agent Website at http://cases.primeclerk.com/absolutcare.

The Proof of Claim Form (1) must be **signed** by the claimant if the claimant is an individual other than a current or former patient of the Debtors, or (2) must be signed by an authorized agent of the claimant, if the claimant is not an individual; *provided however*, that the Proof of Claim Form may be signed by a representative or guardian of the claimant if the claimant is a current or former patient of a Debtor. The Proof of Claim Form must be written in English and be denominated in United States currency. You must attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary).

**Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each Debtor, and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case. A list of names of the Debtors and their case numbers is set forth above and on the Proof of Claim Form attached to this Notice.**

Your proof of claim form shall not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

3.      **WHEN AND WHERE TO FILE**

Except as set forth herein, all proofs of claims must be filed so as to be **actually received on or before** the applicable Bar Date.

To file a proof of claim, you must submit your claim either (i) electronically by utilizing the Online Portal that can be accessed at the Debtors' Court appointed Claims Agent's, Prime Clerk LLC ("Prime Clerk"), website:  http://cases.primeclerk.com/absolutcare, (ii) by delivering the proof of claim form to:

**IF BY FIRST CLASS MAIL, OVERNIGHT DELIVERY OR HAND DELIVERY:**

Absolut Facilities Management, LLC Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

OR

**IF BY HAND DELIVERY:**

United States Bankruptcy Court, EDNY
Alfonse D'Amato U.S. Courthouse
290 Federal Plaza
Central Islip, NY 11722
Attn:  Clerk of Court

Each Proof of Claim shall be deemed timely filed only if (i) the proof of claim is submitted electronically, so as to be ***actually received*** by Prime Clerk on or before the applicable Bar Date, by using the Online Portal, or (ii) the Proof of Claim is mailed or delivered so as to be ***actually received*** by Prime Clerk, or the Court, on or before the applicable Bar Date at the locations set forth above.

ANY CREDITOR THAT ELECTRONICALLY FILES A PROOF OF CLAIM SHALL RETAIN SUCH PROOF OF CLAIM (AND SUPPORTING DOCUMENTS) WITH AN ORIGINAL SIGNATURE FOR A PERIOD OF NOT LESS THAN TWO (2) YEARS FROM THE DATE THE PROOF OF CLAIM IS ELECTRONICALLY FILED.

Except as expressly permitted in the context of electronic submission via the Online Portal, proofs of claim sent by facsimile, telecopy or electronic mail transmission will not be accepted.

**4.      WHO NEED NOT FILE A PROOF OF CLAIM**

You do **not** need to file a proof of claim on or before the applicable Bar Date if you are:

a)   A person or entity that already has filed a proof of claim against a Debtor with the Clerk of the Court or with the Court in a form substantially similar to Official Form 410;

b)   A person or entity whose claim has been previously allowed by final order of the Court;

c)   A current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; provided that a current employee must submit a Proof of Claim by the General Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation; and

d)   A person or entity holding an equity interest in a Debtor.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim, or that the Debtors or the Court believe that you have a claim against the Debtors.

**5.      EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before [          ], the date of entry of the Bar Date Order, you must file a proof of claim based on such rejection on or before

the later of the applicable Bar Date or the date that is 30 days after the date of the order authorizing such rejection. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Date Order, you must file a proof of claim with respect to such claim by the later of 30 days after the effective date of such rejection or such other date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

**6.  CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM, WILL BE FOREVER BARRED FROM ASSERTING ITS CLAIM AGAINST THE DEBTORS AND ITS CHAPTER 11 ESTATES, VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CASES, AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM.

ANY HOLDER OF A CLAIM THAT FAILS TO CORRECTLY COMPLETE A PROOF OF CLAIM FORM, INCLUDING, FOR EXAMPLE, BY FAILING TO INDICATE WHICH DEBTOR THE CLAIM IS AGAINST OR INDICATING THAT THE CLAIM IS AGAINST MULTIPLE DEBTORS, WILL HAVE SUCH CLAIM ASSIGNED TO THE ABSOLUT FACILITIES MANAGEMENT, LLC (CASE NO. 19-45422).

**7.  THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Debtors' Schedules of Assets and Liabilities ("**Schedules**"). If you agree with the nature, amount and status of your claim as listed in the Debtors' Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you do not need to file a proof of claim. Otherwise, you must file a proof of claim before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Once filed, copies of the Debtors' Schedules will be available for inspection on the Court's Internet Website at http://www.nyeb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov.

Once filed, copies of the Debtors' Schedules may also be examined on the website of the Debtors' Claims Agent at http://cases.primeclerk.com/absolutcare, or, between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, NY 11722. Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' Claim Agent at the address set forth below:

Absolut Facilities Management, LLC Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**If you are unsure about any of these matters, including whether you should file a proof of claim, you may wish to consult an attorney.**

Dated:  New York, New York                                    **BY ORDER OF THE COURT**
            September ___, 2019

_____
COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION
LOEB & LOEB LLP
345 PARK AVENUE
NEW YORK, NEW YORK 10154
212-407-4000

**Exhibit C**

**(Proof of Claim Form)**

## United States Bankruptcy Court, Eastern District of New York

**Fill in this information to identify the case (Select only one Debtor per claim form):**

| | |
|---|---|
| ☐ Absolut Facilities Management, LLC (Case No. 19-_ _ _ _ _ ) | ☐ Absolut Center for Nursing and Rehabilitation at Orchard Brooke, LLC (Case No. 19-_ _ _ _ _ ) |
| ☐ Absolut Center for Nursing and Rehabilitation at Allegany, LLC (Case No. 19-_ _ _ _ _ ) | ☐ Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (Case No. 19-_ _ _ _ _ ) |
| ☐ Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (Case No. 19-_ _ _ _ _ ) | ☐ Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (Case No. 19-_ _ _ _ _ ) |
| ☐ Absolut Center for Nursing and Rehabilitation at Gasport, LLC (Case No. 19-_ _ _ _ _ ) | ☐ Absolut Center for Nursing and Rehabilitation at Westfield, LLC (Case No. 19-_ _ _ _ _ ) |

## Modified Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1:   Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) _____<br><br>Other names the creditor used with the debtor _____<br><br>Are you a current or former patient of the debtor or the representative or guardian of a current or former patient of the debtor?<br>☐ No<br>☐ Yes |
| 2. **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes.  From whom? _____ |
| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Name _____<br><br>Number      Street<br><br>City               State          ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ **Where should payments to the creditor be sent?** (if different)<br><br>Name _____<br><br>Number      Street<br><br>City               State          ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |
| 4. **Does this claim amend one already filed?** | ☐ No<br>☐ Yes.  Claim number on court claims registry (if known) _____         Filed on ____ / ____ / _____<br>                                                                                                              MM   / DD   / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes.  Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No ☐ Yes. *Check one:* | **Amount entitled to priority** |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(     ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)? | ☐ No ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____ (mm/dd/yyyy)

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
     First name          Middle name          Last name

Title _____

Company _____
       Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
       Number     Street

       _____
       City                      State     ZIP Code

Contact phone _____     Email _____

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://cases.primeclerk.com/absolutcare.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally would be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

Absolut Facilities Management, LLC, Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**Do not file these instructions with your form**