**LOEB & LOEB LLP**
Schuyler G. Carroll
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
Email: scarroll@loeb.com
        dbesikof@loeb.com
        nweingarten@loeb.com

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | ) Chapter 11 |
| | ) |
| | ) Case No. 19-45422 |
| | ) Case No. 19-45423 |
| In re: | ) Case No. 19-45424 |
| | ) Case No. 19-45425 |
| Absolut Facilities Management, LLC, *et al*. | ) Case No. 19-45426 |
| | ) Case No. 19-45427 |
| Debtors.[1] | ) Case No. 19-45428 |
| | ) Case No. 19-45429 |
| | ) |
| | ) (Joint Administration Requested) |
| | ) |

**DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS**
**(I) AUTHORIZING PAYMENT OF CERTAIN PREPETITION TAXES**
**AND ASSESSMENTS AND (II) DIRECTING FINANCIAL INSTITUTIONS**
**TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

18060362

By this Motion (this "**Motion**"), the above-captioned debtors (the "**Debtors**"), as debtors and debtors-in-possession herein, request the entry of an order, substantially in the form attached hereto (the "**Proposed Order**"), pursuant to sections 105(a), 363(b), 507(a)(8), and 541(d) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (i) authorizing, but not directing, the Debtors to pay various local, state, and federal taxing authorities (collectively, the "**Taxing Authorities**")[2] all Taxes (as defined below) that arose before the Petition Date (as defined below), including all Taxes subsequently determined by audit or otherwise to be owed for periods before the Petition Date; and (ii) directing applicable banks and financial institutions (collectively, "**Banks**") to receive, honor, process, and pay all checks issued or to be issued and electronic funds transfers requested or to be requested relating to the above.  In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Referral of Matters to the Bankruptcy Judges* of the United States District Court for the Eastern District of New York, entered on December 5, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 105(a), 363(b), 507(a)(8), and 541(d) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

---

[2]     The definition of "Taxing Authorities" includes, but is not limited to, those parties set forth on the Taxing Authorities List (as defined herein).  The inclusion of any entity on, or the omission of any entity from, the Taxing Authorities List is not an admission by the Debtors that such entity is, or is not, a Taxing Authority to which the Debtors owe any amount, and the Debtors reserve all rights with respect to any such determination.

## BACKGROUND

### A.    General Background

4.    On September 10, 2019 (the "**Petition Date**"), the Debtors filed their voluntary petitions for relief under chapter 11 of Bankruptcy Code commencing the above captioned cases (the "**Chapter 11 Cases**").   The Debtors continue to manage and operate their business as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.   Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of the Chapter 11 Cases.

5.    An official committee of unsecured creditors has yet to be appointed in these Chapter 11 Cases.   Further, no trustee or examiner has been requested or appointed in these Chapter 11 Cases.

6.    A detailed description of the Debtors and their business, the facts and circumstances leading up to the filing of the Debtors' Chapter 11 Cases, and the facts supporting this Motion are set forth in greater detail in the *Declaration of Michael Wyse in Support of Debtors' Chapter 11 Petitions and First-Day Motions* (the "**First Day Declaration**"), which is being filed concurrently herewith and is incorporated by reference in this Motion.

### B.    The Debtors' Prepetition Taxes

7.    In connection with the normal operation of their business, the Debtors collect, withhold and/or incur an assortment of taxes and assessments that they remit periodically to various Taxing Authorities.

8.    The taxes and assessments to which the Debtors are typically subject generally fall into the following categories: sales taxes, franchise taxes, income taxes, local city ordinary taxes, bed taxes, property taxes, trust fund taxes, and other taxes (collectively, the "**Taxes**").

Debtors pay the Taxes weekly, monthly, quarterly or annually, in each case as required by applicable laws and regulations.

9.          As of the Petition Date, the Debtors have federal tax obligations of $1,337,091, representing outstanding payroll tax and federal income tax withholding (the "**IRS Tax Obligations**").  In addition, the IRS has asserted a claim for penalties relating to the federal payroll taxes in the amount of $303,605 for the fourth quarter of 2018 and the first quarter of 2019, which the Debtors dispute (the "**IRS Penalties**").  The Debtors further have tax obligations to the New York State of $233,201, representing past-due state income tax withholding (the "**NYS Tax Obligations**").  Additionally, New York State has asserted claims which the Debtors dispute, for penalties relating to State payroll taxes for the fourth quarter of 2018 and the first quarter of 2019 in the amount of $16,741 (the "**NYS Penalties**").  Moreover, the New York State Department of Health asserts a claim under the Health Receipts Cash Assessment Program of approximately $2,161,127 (the "**DOH Obligations**").[3]  The Debtors do not seek authority to pay the IRS Penalties, the NYS Penalties or the DOH Obligations by this Motion.  The Debtors do, however, seek authority to pay the IRS Tax Obligations and the NYS Tax Obligations pursuant hereto.

10.          While the Debtors believe they are current on all other prepetition taxes, except as described above, there may be certain taxes that were incurred prior to the Petition Date but have not been assessed.  It is also possible, that it will be determined, either through further review or audit, that the Debtors are in fact obligated to pay certain Taxes that arose prior to the Petition Date.  As such, the Debtors request, out of an abundance of caution, authority, but not direction,

---

[3] The Debtors reserve all rights in respect of the IRS Penalties and the DOH Obligations, including to assert that such amounts are not owed by the Debtors and/or are not entitled to payment on a priority basis.

to pay any prepetition Taxes other than the IRS Penalties and the DOH Obligations as they become due in the ordinary course of business.

## RELIEF REQUESTED

11.     Pursuant to sections 105(a), 363(b), 507(a)(8), and 541(d) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, the Debtors request the entry of interim and final orders, substantially in the form of the Proposed Orders, (i) authorizing, but not directing, the Debtors to pay the Taxing Authorities all Taxes that arose before the Petition Date, including all Taxes subsequently determined by audit or otherwise to be owed for periods before the Petition Date; and (ii) authorizing applicable Banks to receive, honor, process, and pay all checks issued or to be issued and electronic funds transfers requested or to be requested relating to the above.

12.     A non-exclusive list of the Taxing Authorities (the "**Taxing Authorities List**") is annexed as <u>Exhibit 1</u> to the Proposed Order.    Although the Taxing Authorities List is substantially complete, the Debtors request that the relief sought herein be made applicable to all Taxing Authorities and not solely those Taxing Authorities listed on the Taxing Authorities List.

## BASIS FOR RELIEF REQUESTED

13.     Ample reasons exist to authorize the payment of the prepetition Taxes, including, among other things, that (i) the failure to pay the prepetition Taxes may interfere with the Debtors' continued operations and successful reorganization efforts; (ii) certain of the prepetition Taxes may not be property of Debtors' estate; (iii) the payment of prepetition Taxes affects only the timing of payments as most, if not all, of the Taxes are afforded priority status under the Bankruptcy Code; and (iv) the Court has authority to grant the requested relief under sections 363(b) and 105(a) of the Bankruptcy Code.

18060362

**A.** **Failure to Pay Prepetition Taxes May Interfere with the Debtors' Continued Operations and Successful Reorganization Efforts**

14. The Debtors seek authority to pay any prepetition Taxes in the ordinary course of business to, among other things, discourage the Taxing Authorities from taking actions that may interfere with the Debtors' continued business operations. Nonpayment of any Tax obligations may cause the Taxing Authorities to take precipitous action, including, but not limited to, asserting liens or seeking to lift the automatic stay, which could disrupt the Debtors' day-to-day operations and could potentially impose significant costs on the Debtors' estates. Failure to satisfy the prepetition Taxes may jeopardize the Debtors' maintenance of good standing to operate in the jurisdictions in which they does business.

**B.** **Certain of the Prepetition Taxes May Not Be Property of Debtors' Estate**

15. Some prepetition Taxes may constitute "trust fund" taxes, which the Debtors are required to collect and hold in trust for payment to the Taxing Authorities. Section 541(d) of the Bankruptcy Code provides, in relevant part:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate . . . only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d).

16. To the extent that the Debtors have collected or hold Taxes in trust for payment to the Taxing Authorities, such funds do not constitute property of the Debtors' estates. *See*, *e.g.*, *Begier v. IRS*, 496 U.S. 53, 60–62 (1990) (holding that excise and withholding taxes are property held by a debtor in trust for another and, as such, are not property of the debtor's estate); *see also In re Rodriguez*, 50 B.R. 576, 581 (Bankr. E.D.N.Y. 1985) ("[T]hose portions of the payments representing withholding taxes do not constitute transfers of property of the debtor, but rather

payments of monies held in trust for the government."). The Debtors, therefore, generally do not have an equitable interest in such funds, and should be permitted to pay such funds to the Taxing Authorities as they become due.

**C.     Failure to Pay Certain Prepetition Taxes May Distract the Debtors' Directors and Officers from Reorganization Efforts**

17.     Failure to pay certain prepetition Taxes may also inhibit the Debtors' reorganization efforts. Certain of the jurisdictions in which the Debtors operate have specific tax laws that hold officers and directors of collecting entities personally liable for certain taxes owed by those entities and impose criminal penalties for failure to pay certain taxes. *See*, *e.g.*, *In re Am. Motor Club, Inc.*, 139 B.R. 578, 581–83 (Bankr. E.D.N.Y. 1992) (stating "[i]f the employer fails to pay over the trust fund taxes, the IRS may collect an equivalent amount directly from officers or employees of the employer who are responsible for collecting the tax") (citing *United States v. Energy Res. Co.*, 495 U.S. 545, 546 (1990)).

18.     The failure to remit prepetition Taxes, such as Sales Taxes, and certain other Taxes, significantly increases the Debtors' officers' and directors' exposure to possible personal liability during the pendency of these Chapter 11 Cases. The threat of a lawsuit or criminal prosecution, and any ensuing liability, would distract the Debtors and their officers and directors from important tasks during a critical time. This would be detrimental to parties in interest because the dedicated and active participation of the Debtors' officers and directors is integral to the Debtors' continued operations and essential to the orderly administration of these Chapter 11 Cases. The Debtors' estates are best served by eliminating the possibility of these distractions at the outset of these Chapter 11 Cases. Accordingly, because the proposed relief is in the best interests of the Debtors' estates, the Debtors request authority to pay the prepetition Taxes.

**D.    Paying Prepetition Taxes Will Affect Only the Timing of Payments**

19.    Most, if not all, of the potential Taxes on which the Debtors could be liable are afforded priority status pursuant to section 507(a)(8) of the Bankruptcy Code, and such prepetition Taxes must be paid in full under any chapter 11 plan before any general unsecured obligations of the Debtors may be satisfied.  Accordingly, the proposed relief will affect only the timing of payment of the prepetition Taxes and will not prejudice the rights of any general unsecured creditor or other party-in-interest.  Therefore, the Court should grant the Debtors authority to pay the prepetition Taxes in the ordinary course.

**E.    The Court Has Authority to Grant the Requested Relief under Sections 363(b) and 105(a) of the Bankruptcy Code**

20.    Under section 363(b)(1) of the Bankruptcy Code, "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  In addition, under section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Under section 105(a) and the doctrine of necessity, a bankruptcy court may exercise its broad grant of equitable powers to permit the payment of prepetition obligations when such payment is essential to the continued operation of the debtor's business.  *See*, *e.g.*, *In re Pers. Commc'ns Devices, LLC*, 588 B.R. 661, 666 (Bankr. E.D.N.Y. 2018) ("[The necessity of payment] rule recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor." (quoting *Ionosphere Clubs*, 98 B.R. at 175–76.)); *see also In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that a court could authorize the payment of prepetition claims if such payment was essential to the continued operation of the debtor).

18060362

21.     Bankruptcy courts regularly rely on their authority under section 105(a) and the doctrine of necessity to grant debtors the discretionary authority to pay certain prepetition claims "where the payment is necessary to permit the effectuation of the rehabilitative purposes of the Bankruptcy Code." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (authorizing the payment of prepetition claims and explaining that the "ability of a Bankruptcy Court to authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept").  The rationale for making payments to prepetition creditors under the doctrine of necessity is consistent with the paramount goal of chapter 11: "the continued operation and rehabilitation of the debtor . . . ." *Id.* at 176.  To that end, approval of such payments benefits, rather than harms, the Debtors' other creditors.  *See, e.g., In re Sharon Steel Corp.*, 159 B.R. 730, 737 (Bankr. W.D. Pa. 1993) (approving payments of certain prepetition wages under the doctrine of necessity where doing so would maximize the value of Debtors' assets and noting that payments made pursuant to the doctrine of necessity "must not only be in the best interest of the debtor but also in the best interest of its other creditors").  Moreover, Bankruptcy Rule 6003 itself implies that the payment of prepetition obligations may be permissible within the first 21 days of a case where doing so is "necessary to avoid immediate and irreparable harm."

22.     Payment of the prepetition Taxes is an exercise of sound business judgment and necessary to permit a successful reorganization, as the Debtors' satisfaction of the prepetition Taxes is necessary to avoid the obstacles to a smooth transition through these Chapter 11 Cases. Significant disruptions of the Debtors' operations of the types described above threaten to irreparably impair the Debtors' ability to conduct successful reorganization processes and thereby maximize the value of the Debtors' estates for the benefit of their creditors.

23.    Bankruptcy courts in this district have entered orders granting relief similar to the relief requested herein.  *See, e.g.*, *In re Décor Holdings*, Inc. Case No. 19-71020 (REG) (Bankr. E.D.N.Y. Mar. 5, 2019) (Dkt. No. 116); *In re Metro Fuel Oil Corp.*, Case No. 12-46913 (ESS) (Bankr. E.D.N.Y. Nov. 26, 2012) (Dkt. No. 191); *In re Global Aviation Holdings Inc.*, Case No. 12-40783 (CEC) (Bankr. E.D.N.Y. Mar. 8, 2012) (Dkt. No. 199); *In re The Brown Publ'g Co.*, Case No. 10-73295 (DTE) (Bankr. E.D.N.Y. July 23, 2010) (Dkt. No. 294); *In re The Brunswick Hosp. Ctr. Inc.*, Case No. 05-88168 (MC) (Bankr. E.D.N.Y. Oct. 13, 2005) (Dkt. No. 19); *In re Norstan Apparel Shop, Inc.*, Case No. 05-15265 (CEC) (Bankr. E.D.N.Y. May 5, 2005) (Dkt. No. 90).  Similar relief is warranted in these Chapter 11 Cases.

## APPLICABLE BANKS SHOULD BE AUTHORIZED AND DIRECTED TO RECEIVE, PROCESS, HONOR, AND PAY CHECKS ISSUED AND TRANSFERS REQUESTED TO PAY THE PREPETITION TAXES

24.    The Debtors further request that the Court authorize Banks to receive, process, honor, and pay, to the extent of funds on deposit, any and all checks issued or to be issued and electronic funds transfers requested or to be requested by the Debtors relating to the prepetition Taxes.  The Debtors also seek authority, but not direction, to issue new postpetition checks or effect new postpetition electronic funds transfers in replacement of any checks or transfer requests on account of the prepetition Taxes dishonored or rejected as a result of the commencement of the Debtors' Chapter 11 Cases.

## BANKRUPTCY RULE 6003 HAS BEEN SATISFIED

25.    Bankruptcy Rule 6003 provides that, to the extent that relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within 21 days

after the Petition Date.  Fed. R. Bankr. P. 6003.  As described in the First Day Declaration, the

Debtors would suffer immediate and irreparable harm if the relief sought herein is not promptly

granted.  Accordingly, the Debtors have satisfied the requirements of Bankruptcy Rule 6003.

## REQUEST FOR BANKRUPTCY RULE 6004 WAIVERS

26.     The Debtors request a waiver of the notice requirements under Bankruptcy Rule

6004(a) and a waiver of the 14-day stay of an order authorizing the use, sale, or lease of property

pursuant to Bankruptcy Rule 6004(h).  Pursuant to Bankruptcy Rule 6004(a), certain interested

parties must receive 21 days' notice by mail of the "proposed use, sale, or lease of property of

the estate other than in the ordinary course of business, unless the court for cause shown shortens

the time or directs another method of giving notice."  Fed. R. Bankr. P. 2002(a)(2).  Pursuant to

Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than

cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court

orders otherwise."  Fed. R. Bankr. P. 6004(h).  As explained above and in the First Day

Declaration, the relief requested herein is necessary to avoid immediate and irreparable harm to

the Debtors.  Accordingly, ample cause exists to justify the waiver of the notice requirements

under Bankruptcy Rule 6004(a) and the 14-day stay imposed by Bankruptcy Rule 6004(h), to the

extent such stay applies.

## RESERVATION OF RIGHTS

27.     Nothing contained herein is intended or should be construed as an admission of

the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any

claim, or an approval, assumption, or rejection of any agreement, contract, or lease under

Bankruptcy Code section 365.  The Debtors expressly reserve their rights to contest any claim

under applicable law and to assume or reject any agreements with any Taxing Authority in

accordance with the applicable provisions of the Bankruptcy Code.  Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

### NOTICE

28.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) any party whose interests are directly affected by this specific pleading; (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (v) counsel for the proposed DIP Lender; (vi) the consolidated 30 largest unsecured creditors of the Debtors; and (vii) all governmental agencies having a regulatory or statutory interest in these cases.  No other or further notice need be provided.

### CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Interim Order and Final Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:    September 10, 2019          LOEB & LOEB LLP
New York, New York

*/s/ Schuyler G. Carroll*

Schuyler G. Carroll
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
scarroll@loeb.com
dbesikof@loeb.com
nweingarten@loeb.com
*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| _____ ) | Chapter 11 |
| ) | |
| ) | Case No. 19-45422 |
| ) | Case No. 19-45423 |
| In re: ) | Case No. 19-45424 |
| ) | Case No. 19-45425 |
| Absolut Facilities Management, LLC, *et al.* ) | Case No. 19-45426 |
| ) | Case No. 19-45427 |
| Debtors.[1] ) | Case No. 19-45428 |
| ) | Case No. 19-45429 |
| ) | |
| ) | (Joint Administration Requested) |
| _____ ) | |

**INTERIM ORDER (I) AUTHORIZING PAYMENT OF
CERTAIN PREPETITION TAXES AND ASSESSMENTS AND
(II) DIRECTING FINANCIAL INSTITUTIONS TO HONOR
AND PROCESS RELATED CHECKS AND TRANSFERS**

On September __, 2019, the Court conducted a hearing to consider the *Debtors' Motion*

*for Interim and Final Orders (I) Authorizing Payment of Certain Prepetition Taxes and*

*Assessments and (II) Directing Financial Institutions To Honor And Process Related Checks And*

*Transfers* (the "**Tax Motion**"),[2] filed by the above-captioned debtors (the "**Debtors**").  The Court

finds that: (i) it has jurisdiction over the matters raised in the Tax Motion pursuant to 28 U.S.C. §§

157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) venue is proper

in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Tax Motion

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

[2]   Capitalized terms not defined herein are given the meaning ascribed to them in the Tax Motion.

is in the best interests of the Debtors, their estates, and their creditors; (v) proper and adequate notice of the Tax Motion has been given and no other or further notice is necessary; and (vi) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.

Therefore, **IT IS HEREBY ORDERED THAT**:

1.      The Tax Motion is GRANTED on an interim basis, as set forth herein.

2.      A final hearing to consider the relief requested in the Tax Motion shall be held on _____ __, 2019 at _____ (Eastern Time), and any objections or responses to the Tax Motion shall be filed and served so as to be actually received on or prior to _____ __, 2019 at 4:00 p.m. (Eastern Time) on the following parties: (a) proposed counsel to the Debtors, Loeb & Loeb LLP, 345 Park Avenue, New York, New York 10154 (Attn: Schuyler G. Carroll Esq.), scarroll@loeb.com; (b) the U.S. Trustee for the Eastern District of New York; and, if applicable, (c) counsel to any statutory committees appointed in these Chapter 11 Cases.

3.      The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), 507(a), and 541 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, to pay to the Taxing Authorities including, without limitation, those Taxing Authorities listed on Exhibit 1 annexed hereto, all Taxes that arose before the Petition Date other than the IRS Penalties and the DOH Obligations, including all Taxes subsequently determined upon audit or otherwise to be owed for the periods before the Petition Date.

4.      Banks are authorized, at the Debtors' request, to receive, process, honor and pay, to the extent of funds on deposit, any and all checks issued or to be issued or electronic funds transfers requested or to be requested by the Debtors relating to the prepetition Taxes.

5.      The Debtors are authorized, but not directed, to issue new postpetition checks or

effect new postpetition electronic funds transfers in replacement of any checks or transfer requests on account of prepetition Taxes dishonored or rejected as a result of the commencement of these Chapter 11 Cases.

6.     Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any other party in interest's right to dispute any prepetition claim on any grounds, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (iv) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (v) an assumption, adoption or rejection of any agreement, contract or lease between the Debtors and any third party under section 365 of the Bankruptcy Code.  Likewise, any payment made pursuant to this Interim Order is not intended to be and shall not be construed as an admission to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

7.     Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

8.     The Debtors are authorized to take all steps necessary or appropriate to carry out this Interim Order.

9.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

# EXHIBIT 1

Absolut - Tax Parties (002).xlsx
Template

| Name | Address1 | Address2 | Address3 | City | State | PostalCode |
|------|----------|----------|----------|------|-------|------------|
| Internal Revenue Service | Attn: IRS Insolvency Section | 2970 Market St | Mail Stop 5 Q30 133 | Philadelphia | PA | 19101-7346 |
| New York State Department of Health - Office of Health Insurance Programs (Cash Receipets Assessment) | Attn: Officer / Director | One Commerce Plaza Rm 1432 | | Albany | NY | 12237 |
| New York State Department of Taxation and Finance | Attn: Office of Counsel | Building 9 | W A Harriman Campus | Albany | NY | 12227 |

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 19-45422 |
| | ) | Case No. 19-45423 |
| In re: | ) | Case No. 19-45424 |
| | ) | Case No. 19-45425 |
| Absolut Facilities Management, LLC, *et al.* | ) | Case No. 19-45426 |
| | ) | Case No. 19-45427 |
| Debtors.[1] | ) | Case No. 19-45428 |
| | ) | Case No. 19-45429 |
| | ) | |
| | ) | (Joint Administration Requested) |
| | ) | |

**FINAL ORDER (I) AUTHORIZING PAYMENT OF CERTAIN
PREPETITION TAXES AND ASSESSMENTS AND (II) DIRECTING FINANCIAL
INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

On _____, 2019, the Court conducted a final hearing to consider the *Debtors' Motion for Interim and Final Orders (I) Authorizing Payment of Certain Prepetition Taxes and Assessments and (II) Directing Financial Institutions To Honor And Process Related Checks And Transfers* (the "**Tax Motion**"),[2] filed by the above-captioned debtors (the "**Debtors**"). The Court finds that: (i) it has jurisdiction over the matters raised in the Tax Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Tax Motion is in the best interests of the Debtors, their estates, and their creditors; (v) proper and adequate

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

[2]  Capitalized terms not defined herein are given the meaning ascribed to them in the Tax Motion.

18147224

notice of the Tax Motion has been given and no other or further notice is necessary; and (vi) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.

Therefore, **IT IS HEREBY ORDERED THAT**:

1.      The Tax Motion is GRANTED on a final basis, as set forth herein.

2.      The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), 507(a), and 541 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, to pay to the Taxing Authorities including, without limitation, those Taxing Authorities listed on Exhibit 1 annexed hereto, all Taxes that arose before the Petition Date other than the IRS Penalties and the DOH Obligations, including all Taxes subsequently determined upon audit or otherwise to be owed for the periods before the Petition Date.

3.      Banks are authorized, at the Debtors' request, to receive, process, honor and pay, to the extent of funds on deposit, any and all checks issued or to be issued or electronic funds transfers requested or to be requested by the Debtors relating to the prepetition Taxes.

4.      The Debtors are authorized, but not directed, to issue new postpetition checks or effect new postpetition electronic funds transfers in replacement of any checks or transfer requests on account of the prepetition Taxes dishonored or rejected as a result of the commencement of these Chapter 11 Cases.

5.      Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any other party in interest's right to dispute any prepetition claim on any grounds, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (iv) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable

law, or (v) an assumption, adoption or rejection of any agreement, contract or lease between the

Debtors and any third party under section 365 of the Bankruptcy Code.  Likewise, any payment

made pursuant to this Final Order is not intended to be and shall not be construed as an admission

to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute

such claim.

6.    Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Final Order shall

be immediately effective and enforceable upon its entry.

7.    The Debtors are authorized to take all steps necessary or appropriate to carry out

this Final Order.

8.    This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, or enforcement of this Final Order.

# EXHIBIT 1

Absolut - Tax Parties (002).xlsx
Template

| Name | Address1 | Address2 | Address3 | City | State | PostalCode |
|------|----------|----------|----------|------|-------|------------|
| Internal Revenue Service | Attn: IRS Insolvency Section | 2970 Market St | Mail Stop 5 Q30 133 | Philadelphia | PA | 19101-7346 |
| New York State Department of Health - Office of Health Insurance Programs (Cash Receipets Assessment) | Attn: Officer / Director | One Commerce Plaza Rm 1432 | | Albany | NY | 12237 |
| New York State Department of Taxation and Finance | Attn: Office of Counsel | Building 9 | W A Harriman Campus | Albany | NY | 12227 |