## **EXHIBIT 2**

**Declaration of Avery Samet**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  | Chapter 11 |
|---|---|
| In re:<br><br>ABSOLUT FACILITIES MANAGEMENT, LLC, et al.,[1]<br><br>Debtors. | Case No. 19-76260-ast<br>Case No. 19-76263-ast<br>Case No. 19-76267-ast<br>Case No. 19-76268-ast<br>Case No. 19-76269-ast<br>Case No. 19-76270-ast<br>Case No. 19-76271-ast<br>Case No. 19-76272-ast<br><br>(Jointly Administered) |

## DECLARATION OF AVERY SAMET

I, Avery Samet, hereby declare:

1.       I am a member of Amini LLC, which maintains offices for the practice of law at 140 East 45th Street, 25th Floor, New York, New York 10017.

2.       I submit this declaration in support of the employment application of the Official Committee of Unsecured Creditors ("Committee") prefixed hereto.

3.       To determine its relationship with parties in interest herein, Amini LLC researched its conflicts database,[2] in order to determine if it has any relationship with entities identified to the firm, including: (a) the Debtors and their affiliates; (b) the Debtors' members and officers; (c)

---

[1] The Debtors are: Absolut Facilities Management, LLC; Absolut Center for Nursing and Rehabilitation at Allegany, LLC; Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC; Absolut Center for Nursing and Rehabilitation at Gasport, LLC; Absolut at Orchard Brooke, LLC; Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC; Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC; and Absolut Center for Nursing and Rehabilitation at Westfield, LLC.

[2] The members of Amini LLC were all officers of Storch Amini PC, which recently closed. The Amini LLC conflicts database contains all the information contained in Storch Amini PC's conflicts database.

the Debtors' contract counterparties; (d) the Debtors' insurers, and premium financing providers; (e) the Debtors' landlords; (f) the Debtors' secured creditors, and parties that have filed Financing Statements respecting the Debtors; (g) parties to litigation with the Debtors; (h) the Debtors' professionals; (i) the Debtors' thirty largest unsecured creditors; (j) the Debtors' utility providers; and (k) the Debtors' vendors.[3]

4. All of these entities were searched through Amini LLC's conflicts database, and the list of the entities was circulated to all attorneys at Amini LLC to determine if the firm has any relationship therewith.

5. Based on the firm's review, Amini LLC does not hold or represent any interest adverse to the Debtors' estates in matters upon which it is to be engaged and is a "disinterested person" within the meaning of Bankruptcy Code section 101(14).

6. Amini LLC has also reviewed the relationship that its attorneys have with the United States Trustee and persons employed in the Office of the United States Trustee. Based on the firm's review, Amini LLC does not have any material connections with the United States Trustee or any person employed in the Office of the United States Trustee.

7. No attorney or employee of Amini LLC is a relative of any United States Bankruptcy Judge for the Eastern District of New York. Accordingly, the firm's employment is not prohibited by or improper under Rule 5002(b).

8. Without obtaining appropriate waivers, if necessary, Amini LLC will not represent the Committee in a lawsuit, adversary proceeding, or contested matter against any current client.

---

[3] The list of entities searched is the same as that annexed to Debtors' proposed counsel's Rule 2014 Declaration. (Doc. 195 Ex. B, Ex. I.)

In addition, Amini LLC will not represent any client in any matter involving the Debtors while retained as the Committee's counsel in these chapter 11 cases.

9.     In light of the extensive number of creditors and other parties in interest in these chapter 11 cases, neither I nor Amini LLC are able to conclusively identify all potential relationships. To the extent Amini LLC discovers any facts bearing on the matters described herein during the period of Amini LLC's employment, Amini LLC undertakes to amend and supplement the information contained in this Declaration to disclose such facts.

10.    The professional services to be rendered by Amini LLC include all those set forth in the application.

11.    Amini LLC is willing to serve as counsel to the Committee and to receive compensation and reimbursement in accordance with its standard billing practices for services rendered and expenses incurred on behalf of the Committee, in accordance with the provisions of Bankruptcy Code sections 330 and 331 or as otherwise ordered by the Court. Amini LLC's billing practices and rates are summarized below and are consistent with those generally governing Amini LLC's representation of its other clients.

12.    The principal attorneys expected to represent the Committee in this matter and their current hourly rates are myself ($550/hour) and Jeffrey Chubak ($500/hour). In addition, other attorneys and paralegals may, from time to time, provide services to the Committee in connection with these chapter 11 cases. The range of hourly rates for attorneys and paralegals is as follows: $550-$800/hour for partners; $300-$500/hour for associates; and $110-$135/hour for paralegals.

13.    The foregoing hourly rates are Amini LLC's standard hourly rates. These rates are set at a level designed to fairly compensate the firm for the work of its attorneys and paralegals

and cover fixed and routine overhead expenses. Amini LLC's hourly rates are subject to periodic adjustment from time to time.

14.     Notwithstanding the foregoing, Amini LLC has agreed not to charge more than $550/hour for time billed by the firm's partners.

15.     In addition to hourly fees, it is Amini LLC's policy to charge its clients in all practice areas for expenses incurred in connection with their respective matters, including photocopying charges, mail charges, travel expenses, overtime meals, overtime and late-night transportation, computer research, and transcription costs. The Debtors' estates will be charged for these expenses in a manner and at rates consistent with charges made generally to the firm's other clients.

16.     Neither Amini LLC, nor any member, counsel, or associate thereof, has shared, or agreed to share (a) compensation it may receive in these chapter 11 cases with another person, other than with the members, counsel, and associates of Amini LLC, or (b) any compensation another person has received or may received in these chapter 11 cases. No promises have been made or received by Amini LLC, or any member, counsel, or associate thereof, as to compensation in connection with these chapter 11 cases, other than in accordance with the provisions of the Bankruptcy Code.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on November 1, 2019.

_____
Avery Samet

4